USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MATTHEW R. CHISTE, JASON SIDENER, and
CECILY LAMATTINA, on behalf of themselves and all
others similarly situated,

                Plaintiffs,

  against

HOTELS.COM L.P., and EXPEDIA, INC. (WA),

                Defendants.

------------------------------------------------------------x

08 Civ. 10676 (CM)

JAMES SCHULTZ, on behalf of himself and all
others similarly situated,

                Plaintiff,

  against

TRAVELOCITY.COM, LP, TRAVELOCITY.COM. INC.,
SITE59.COM, LLC, SABRE HOLDINGS CORP.,

                Defendants.

------------------------------------------------------------x

08 Civ. 10744 (CM)

MATTHEW CHISTE, DONALD SCHROUD,
and MARC GUTMAN, on behalf of themselves and all
others similarly situated,

                Plaintiffs,

  against

PRICELINE.COM, INC.,

                Defendant.

------------------------------------------------------------x

08 Civ. 10746 (CM)

1

HEATHER PELUSO, on behalf of herself and all
others similarly situated

                                                          10 Civ. 07522 (CM)

                  Plaintiff,

against

ORBITZ.COM, ORBITZ LLC, ORBITZ WORLDWIDE, INC.,
ORBITZ WORLWIDE DEVELOPMENT, LLC,
ORBITZ WORLWIDE INTERNATIONAL, LLC,
ORBITZ WORLWIDE, LLC, TRAVELPORT L.P.,
THE BLACKSTONE GROUP L.P., CENDANT
CORPORATION,

                  Defendants.
----------------------------------------------------------x

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

McMahon, J.

Presently before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Orbitz.com, Orbitz LLC, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P., and Cendant Corporation (collectively, the "Defendants"). Defendants have moved to dismiss Plaintiff Heather Peluso's unjust-enrichment claim in Count Seven. For the reasons discussed below, Defendants' motion to dismiss is granted.

## I. BACKGROUND

Familiarity with the facts is assumed. See Matthew Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382 (S.D.N.Y. 2010).

In brief, Heather Peluso filed a seven-count Complaint against Defendants on October 1, 2010, alleging that Orbitz, an online travel company that allows consumers to reserve hotel rooms through its website, improperly overcharged consumers for hotel occupancy and sales taxes. Suits with similar allegations against other online travel companies were commenced by

2

other plaintiffs in this Court and consolidated. (See Docket Entry No. 3, dated 10/7/10 (consolidating related cases)); see also Matthew Chiste v. Hotels.com L.P., No. 08 Civ. 10676, James Schultz v. Travelocity.com, LP, No. 08 Civ. 10744, Matthew Chiste v. Priceline.com, Inc., No. 08 Civ. 10746.

In a November 15, 2010 decision, the Court granted Travelocity.com, LP's motion to transfer the suit to the Northern District of Texas; dismissed in their entirety the Complaints of plaintiffs Chiste and Sidener; dismissed plaintiff Lamattina's Complaint except as to Count One, which alleged violations of New York General Business Law ("G.B.L.") § 349; and dismissed plaintiff Schroud's Complaint except as to the breach-of-fiduciary-duty claim in Count Five. Chiste, 756 F. Supp. 2d at 421. The Court also *sua sponte* dismissed Peluso's G.B.L. § 349 claim in Count One.

On November 29, 2010, Defendants moved to dismiss Peluso's unjust-enrichment claim in Count Seven (a claim not asserted by the plaintiffs in the other actions).

Defendants argue that the unjust-enrichment claim should be dismissed as against Orbitz.com, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P., and Cendant Corporation, because these entities do not operate a travel website or facilitate the booking of hotel rooms. Orbitz, LLC is the only entity that operates www.orbitz.com—the website used by Peluso in February 2009 to reserve a hotel room in New York City. (Compl. ¶ 9.)

In her opposition brief, Peluso concedes to voluntary dismissal of all claims against all Defendants except Orbitz, LLC.

3

Accordingly, Peluso's Complaint is dismissed as against Orbitz.com, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P., and Cendant Corporation.

I now turn to Defendants' argument for dismissal of Peluso's unjust-enrichment claim: Defendants argue that Peluso's allegations that she entered into a valid contract with Orbitz LLC ("Orbitz") precludes a claim for unjust enrichment for events arising out of the same subject matter as the contract.

## II. DISCUSSION

Peluso makes several allegations regarding the existence of a contract between consumers (such as herself), who use Orbitz's website to make hotel reservations, and Orbitz. For instance, Peluso alleges that "as a condition to purchase or rent a hotel room . . . consumers are required to agree to the 'Terms and Conditions' in an 'Agreement.'" (Compl. ¶ 27.) Peluso acknowledges that "the Agreement purports to state the rights and responsibilities of both Defendants and the consumer." (Id.) Peluso also alleges that "Defendants require every consumer purchasing, renting and booking a room through their websites to agree to a certain room rate, 'taxes and fees' and the Agreement that sets forth the Terms and Conditions as part of the purchase and rental of the room." (Id. ¶ 77.) Peluso concedes that "each member of the Plaintiff Class entered into the Agreement" before reserving their hotel room via Orbitz's website (id.) and "performed his or her obligations under the Agreement" (id. ¶ 78). Thus, Peluso's Complaint alleges the existence of a contract between herself and Orbitz.

The existence of a contract between parties to a dispute ordinarily precludes recovery for unjust enrichment for events arising out of the same subject matter as the contract. IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 142 (N.Y. 2009). A claim for unjust

4

enrichment is a "quasi-contract claim" where "an obligation [is] imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned." Id. "Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded." Id. (citing Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 N.Y.2d 382, 388 (N.Y. 1987)).

Defendants are correct that Peluso's unjust-enrichment claim in Count Seven is precluded by her allegations that a valid contract exists between herself and Orbitz arising from her use of Orbitz's website to secure a hotel room in New York. See Goldman v. Metro. Life Ins. Co., 5 N.Y.3d 561, 572 (N.Y. 2005) (explaining that unjust enrichment applies in the absence of an agreement). Peluso alleges that Orbitz "wrongfully and fraudulently retained taxes and fees," but the amount of taxes and fees Orbitz collected, and notice of such fees, is governed by the agreement between Peluso and Orbitz. (Compl. ¶¶ 27, 77.) Because a valid contract governs Peluso's dispute as to the taxes and fees collected by Orbitz, Peluso cannot maintain a claim for unjust enrichment. See, e.g., Goldman, 5 N.Y.3d at 572.

Peluso's arguments to the contrary are unavailing. First, Peluso argues that she is allowed to plead conflicting causes of action in the alternative. Peluso's argument is flawed. "[W]here there is a bona fide dispute regarding the existence of a contract, plaintiffs may plead a breach of contract claim and an unjust enrichment in the alternative." Perfect Dental, PLLC v. Allstate Ins. Co., 2006 WL 2552171, at *1 (E.D.N.Y. Aug. 31, 2006). While plaintiffs are generally free to plead alternative and contradictory theories of recovery pursuant to Federal Rules of Civil Procedure 8(d)(2) and (3), Peluso does not allege that the contract at issue is invalid or unenforceable. Indeed, Peluso affirmatively pleads that she entered into a valid

5

contract with Orbitz. (Compl. ¶¶ 27, 77.) Orbitz also concedes the existence of a contract. Peluso's failure to dispute the validity of the agreement precludes her from pleading an unjust-enrichment claim in the alternative. See, e.g., Air Atlanta Aero Eng'g, Ltd. v. SP Aircraft Owner I, LLC, 637 F. Supp. 2d 185, 195-96 (S.D.N.Y. 2009); see also Joseph Sternberg, Inc. v. Walber 36th St. Assoc., 594 N.Y.S.2d 144, 146 (N.Y. App. Div. 1993).

Second, Peluso argues that under certain circumstances, a court may permit a party to pursue a claim for unjust enrichment where a valid contract exists. Specifically, Peluso argues that "by deliberately and incorrectly calculating the estimated tax, Orbitz is acting affirmatively outside the scope of the agreement" and therefore the Court "should exercise the exception to the general principle and permit Plaintiff to proceed with her unjust enrichment claim." (Pl.'s Br. in Opp. at 8-10.) The three cases Peluso cites, to argue that this Court should apply what she describes as the "human element" exception, do not support her argument.

In the first case, EUA Cogenex Corp. v. North Rockland Central School District, 124 F. Supp. 2d 861 (S.D.N.Y. 2000), the Court dismissed the unjust-enrichment claim because the plaintiff alleged that it fully performed its obligations under a valid written agreement that covered the dispute between the parties. Id. at 873-74. Similarly, Peluso alleges the existence of a contract and alleges that she fully performed her obligations under that contract. (Compl. ¶¶ 77-78.)

In the second case, Mayer v. Bishop, 551 N.Y.S.2d 673 (N.Y. App. Div. 1990), the plaintiffs alleged the existence of a verbal agreement (in addition to the written contract that governed the parties' real estate transaction), and the defendants denied the existence of the oral agreement. By contrast, there are no allegations that a verbal "side" agreement exists between Peluso and Orbitz or that the parties' agreement extends beyond the written contract.

Finally, the facts in U.S. East Telecommunications, Inc. v. U.S. West Communications Services, Inc., 38 F.3d 1289 (2d Cir. 1994), are inapposite. In that case, the general contractor (the defendant) hired a subcontractor to perform work on a project. The subcontractor subsequently hired a second-tier subcontractor (the plaintiff). When relationships between the second-tier subcontractor and the subcontractor soured, the second-tier subcontractor continued to work on the project after receiving verbal assurances from the general contractor that it would "get paid." Id. at 1291-93. In concluding that the plaintiff (the second-tier subcontractor) could recover on a theory of unjust enrichment from the defendant (the general contractor), the Second Circuit explained, "When two parties have bargained with each other on the terms of an express contract but have failed to create an enforceable contract, whether because of failure to reach a meeting of the minds on terms or because of noncompliance with some formal requisite of contract law, such as consideration, recovery may nevertheless be available in quasi-contract for the reasonable value of a party's services to the other." Id. at 1299. The existence of a contract between the second-tier subcontractor and the subcontractor did not prevent the second-tier subcontractor from asserting an unjust-enrichment claim against the general contractor based on the general contractor's "direct representations" to the second-tier subcontractor that it would be paid for its work. Id. at 1298. By contrast, there are no allegations that Orbitz made any extra-contractual representations to Peluso so as to incur quasi-contractual obligations.

Accordingly, Peluso's unjust-enrichment claim in Count Seven is dismissed.

## III. CONCLUSION

All causes of action in the Complaint are dismissed as against Orbitz.com, Orbitz Worldwide, Inc., Orbitz Worldwide Development, LLC, Orbitz Worldwide International, LLC, Orbitz Worldwide, LLC, Travelport L.P., The Blackstone Group L.P., and Cendant Corporation.

Peluso's unjust-enrichment claim in Count Seven is dismissed as against Defendant Orbitz LLC.

For the reasons discussed in the Court's November 15, 2010 decision in Matthew Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382 (S.D.N.Y. 2010), Peluso's G.B.L. § 349 claim in Counts One and Two, and her request for declaratory judgment and injunctive relief in Count Three, are dismissed as against Defendant Orbitz LLC.

Peluso's state-law conversion claim in Count Four—like the conversion claim asserted by plaintiff Donald Schroud in Chiste—is governed by Illinois law. (See Decl. of Steve Sedlak, dated Nov. 29, 2010, Ex. A, ¶ 13.) Therefore, Count Four is dismissed as against Defendant Orbitz LLC for the same reasons that the Court dismissed Schroud's conversion claim in Chiste. See Chiste, 756 F. Supp. 2d at 412-13.

The Clerk is instructed to remove docket entry seven from the Court's list of pending motions.

Dated: May 31, 2011

_____
U.S.D.J.

BY EFC TO ALL COUNSEL